UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC-SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC#: |
| DATE FILED: 11/14/2016 |

JOSE ALFARO,

                Petitioner,

    v.

MICHAEL CAPRA, Superintendent, Sing Sing Correctional Facility,

                Respondent.

No. 13-CV-5867 (RA) (GWG)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Jose Alfaro, proceeding pro se, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New York State conviction for robbery and assault. Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") recommending denial of the Petition. Dkt. 16. Alfaro timely filed objections. Dkt. 19. The Court assumes the parties familiarity with the facts, as outlined in detail in the Report. For the following reasons, the Court adopts the Report in its entirety. The Petition is denied.

## LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petition for habeas corpus may not be granted unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. The state court decision must be so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (internal citations and quotation marks omitted) (per curium); *see Fuentes v. T. Griffin*, 829 F.3d 233, 245 (2d Cir. 2016)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews de novo the portion of the report and recommendation to which the party objects." 28 U.S.C. § 636(b)(1); *Razzoli v. Federal Bureau of Prisons*, No. 12-CV-3774 (LAP), 2014 WL 2440771, at *5 (S.D.N.Y. 2014); Fed. R. Civ. P. 72(b)(3). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli*, 2014 WL 2440771, at *5 (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Reyes v. Superintendent of Attica Corr. Facility*, No. 11-CV-2479 (RA), 2015 WL 3526093, at *4 (S.D.N.Y. 2015). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Stenson v. Heath*, 11-CV-5680 (RJS), 2015 WL 3826596, at *2 (S.D.N.Y. 2015) (internal quotation marks omitted). "This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest." *Ganao v. United States*, No. 08-CV-9313 (RO), 2011 WL 924202, at *2 (S.D.N.Y. 2011).

2

## DISCUSSION

Petitioner's objections to the Report reiterate his original contentions, each of which was carefully addressed and rejected in the Report. First, Alfaro restates his contention that he was denied due process and a fair trial because the trial court allowed into evidence the handcuffs, handcuff keys, and imitation pistol that were found with him when he was arrested. He once again argues that this evidence constituted proof of uncharged crimes that should not have been presented to the jury without a limiting instruction. *Compare* Obj. at 2–4, *with* Pet. 5-6 *and* Reb. at B-F, H.[1] Second, Alfaro repeats his argument that his rights under the Confrontation Clause of the Sixth Amendment, as well as his rights under the Fifth and Fourteenth Amendments, were violated when the trial court "interjected" and "interfered" with his counsel's ability to question two witnesses about the number of assailants involved in the attack, an element of a crime for which Petitioner was convicted. *Compare* Obj. at 5–7, *with* Pet. at 7 *and* Reb. at G; *see* N.Y. Penal Law § 120.06 (gang assault in the second degree). Third, Alfaro renews his claim that his rights to due process and a fair trial were violated by the trial court's refusal to allow him to recall Officer Reynolds as a prosecution witness. *Compare* Obj. at 3, *with* 7–8; Pet. at 7 *and* Reb. at G. Because Petitioner merely reiterates his original arguments raised before the magistrate judge, the Court reviews the Report for clear error. *See e.g.*, *Walker v. Vaughan*, 216 F. Supp. 2d at 292. Having done so, the Court finds no error—clear or otherwise—in the thorough and well-reasoned Report. Indeed, even if the Court were to review the report de novo[2], its conclusion would be the same, for

---

[1] "Obj." and "Objections" refer to Petitioner's Timely Objections to the Report and Recommendation, Dkt. 19; "Pet." to Alfaro's Petition for a Writ of Habeas Corpus, Dkt. 1; and "Reb." to Petitioner's Rebuttal in Response to Respondents Answer, Dkt. 15, in which he utilized consecutive letters instead of numbers for pagination.

[2] If, for example, Petitioner's objection to the trial court's failure to provide a limiting instruction regarding the judge's remarks at trial is to be construed as more than a mere reiteration of his original argument, *see* Obj. at 7, that argument nonetheless fails on de novo review for the same reasons that the Report concluded that the judge's remarks did not violate Petitioner's right to a fair trial. *See* Report at 21-23; *see also Birch v. Greiner*, 123 F. App'x 438, 439 (2d Cir. 2005) (summary order) (holding that a "trial judge's questioning, which was meant to clarify . . . confusing testimony, does not meet the level of substantial prejudice that a habeas petitioner must show in order to

3

the very reasons so well articulated by Judge Gorenstein.[3]

## CONCLUSION

The Court adopts the Report and Recommendation in its entirety. Accordingly, the petition for a writ of habeas corpus is denied, and the action is dismissed with prejudice. As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to enter judgment accordingly.

SO ORDERED.

Dated: November 14, 2016
        New York, New York

_____
Ronnie Abrams
United States District Judge

---

sustain a claim of judicial bias."). Similarly, to the extent Petitioner's objection that the trial court's refusal to recall Officer Reynolds as a prosecution witness violated his constitutional rights because it "shifted the burden" to the defense, Obj. at 8, is viewed as something other than the same argument he made in his Petition, it too fails for the reasons aptly stated in the Report at 23-24, even under de novo review. As the Report correctly explained, the trial judge only "denied the defense's application to require the prosecution to recall Officer Reynolds as a *prosecution* witness. This ruling did not violate Alfaro's confrontation rights given that Alfaro could have called Officer Reynolds as his own witness—a fact that counsel himself recognized." Report at 24.

[3] Because the Report concluded that all of Petitioner's arguments should be denied on the merits, it rightly determined that it was unnecessary to address whether all of Petitioner's claims had been exhausted. Section 2254(b)(2) "authorize[s] federal courts to deny [a] petition, regardless of whether the applicant exhausted his state court remedies." *Abuzaid v. Mattox*, 726 F.3d 311, 321 (2d Cir. 2013).

4